IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:09-CR-00184 |
| | : | |
| LYNELL PIGFORD | : | |

## MEMORANDUM and ORDER

On June 3, 2009, Defendant Lynell Pigford was indicted on one count of knowingly and with the intent to defraud, make, manufacture and counterfeit Federal Reserve Notes, and aid, abet, counsel, command and procure the same, all in violation of 18 U.S.C. §§ 471 and 2. (Doc. 1.) This case is scheduled for jury selection and trial on Monday, July 19, 2010 at 9:30 a.m.

Before the court is Defendant's motion in limine to preclude the Government from introducing evidence of Defendant's arrest and conviction for a separate offense at the time the counterfeit currency was found, and to exclude the Government from impeaching Defendant by his prior convictions. (Doc. 37). Also before the court is the Government's motion in limine to *include* the evidence that Defendant seeks to exclude. (Doc. 43.)

The parties provided the court with only the sparsest of details concerning the drug conviction at issue. From what the court can glean, all of the charges stem from an warrantless probation search of 238 Walnut Bottom Road, Carlisle, Pennsylvania that occurred on February 24, 2006. The search was permitted because Andre Palmer, a non-defendant, was on state supervision. During the search, both Palmer and Defendant were found to possess controlled substances

and were arrested.  Defendant later pled guilty in state court to the Unlawful

Delivery or Manufacture or Possession with Intent to Deliver a Schedule II

Controlled Substance, resulting from that arrest.   It was also during this search that

approximately $1,700 in cut and uncut sheets of counterfeit United States currency

were found, which resulted in the underlying charges.

Defendant seeks to preclude the Government from mentioning the fact

that drugs were found at the residence, and that Defendant was arrested and

convicted on drug distribution charges.  Defendant also seeks to preclude the

introduction of any evidence of his criminal record for impeachment purposes.  In

contrast, the Government seeks permission to include all of this evidence.

Federal Rule of Evidence 404(b) states:

> **(b) Other Crimes, Wrongs, or Acts**.--Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  The Third Circuit has recognized that Rule 404(b) is a rule of

inclusion rather than exclusion.  *See United States v. Cruz*, 326 F.3d 392, 395 (3d

Cir. 2003).  Specifically, the court stated in *Cruz* that the court "favor[s] the

admission of evidence of other crimes, wrongs, or acts if such evidence is 'relevant

for any purpose other than to show a mere propensity to disposition on the part of the

defendant to commit the crime.'" *Id.* (*quoting United States v. Long*, 574 F.2d 761,

765 (3d Cir. 1978)).

In *Huddleston v. United States*, 485 U.S. 681 (1988), the Supreme Court set out a four-part test for admission of Rule 404(b) evidence: (1) the evidence must have a proper purpose; (2) it must be relevant; (3) its probative value must outweigh its potential for unfair prejudice; and (4) the court must charge the jury to consider the evidence only for the limited purposes for which it is admitted. *Id*. at 691-92; *See United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

To meet the first requirement and show a proper evidentiary purpose, the Government must "clearly articulate how that evidence fits into a chain of logical inferences without adverting to a mere propensity to commit crime now based on the commission of crime then." *United States v. Mastrangelo*, 172 F.3d 288, 295 (3d Cir.1999) (internal quotation marks omitted). Here the Government articulates logical inferences that render Pigford's conviction for drug trafficking relevant to establishing his motive to manufacture counterfeit currency. Specifically, the Government proffers that it intends to call a witness—Stephanie Jo Motter—who will testify that Defendant intended to make counterfeit currency in order to rip off a drug dealer. Thus, Defendant's conviction for drug trafficking is relevant to something other than Pigford's character.

The second requirement is that the evidence must be relevant. Federal Rule of Civil Procedure 401 defines relevant evidence as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence that Pigford was convicted of drug trafficking combined with the proffered testimony of Stephanie Jo Motter makes it

more probable that Pigford was involved with the knowing manufacture of counterfeit currency.

The third requirement is that the probative value of the evidence must outweigh the danger of unfair prejudice. Defendant's counsel argues that the prejudice to Pigford is great because he will be characterized in the minds of the jury as a drug dealer, and that this stigma will taint the jury's objectivity in weighing the evidence against him on the charged crime of counterfeiting. The court is sympathetic to Defendant's argument and without the proffered testimony of Ms. Motter the court may very well be inclined to agree with Defendant. However, the court finds that the fact that Defendant was found to be in possession of drugs, was convicted of trafficking drugs, as well as Ms. Motter's proffered testimony that Defendant was manufacturing counterfeit currency in an attempt to scam a drug dealer, are all highly probative of Defendant's motive to counterfeit currency. While there is a chance for prejudice, the court believes that this can be significantly mitigated through a cautionary instruction issued immediately after the evidence is presented, thus satisfying the fourth prong of the *Huddleston* test. Accordingly, the court finds that the balancing of interests under Federal Rule of Evidence 404(b) weighs in favor of permitting the evidence of Defendant's drug conviction.

Defendant also argues that this evidence should be excluded pursuant to Federal Rules of Evidence 403, 405(b) and 609(a). The court will address each of these in turn. Rule 403 permits the court to exclude relevant evidence if "its probative value is *substantially* outweighed by the danger of unfair prejudice. . . ." Fed. R. Evid. 403. Since the court has already concluded that the danger of unfair prejudice does not outweigh its probative value, the court will not exclude the

evidence based on Rule 403, which requires the danger to *substantially* outweigh the

probative value.

Rule 405(b) states that "[i]n cases in which character or a trait of

character of a person is an essential element of a charge, claim, or defense, proof

may also be made of specific instances of that person's conduct." Fed. R. Evid.

405(b). Defendant argues that evidence of his drug conviction is inadmissible unless

the Government can show that the evidence exposes a character trait which is an

essential element of the charge of counterfeiting. However, the Government freely

admits that it cannot introduce the evidence in question for purposes of proving

character, and, instead is introducing it only for the limited purposes allowed by Rule

404(b).

Finally, Defendant argues that any evidence of his criminal record for

impeachment purposes should be excluded under Rule 609(a). That rule states:

> (**a**) **General rule**.--For the purpose of attacking the character for truthfulness of a witness,

>> (**1**) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and

>> (**2**) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

5

Fed. R. Evid. 609(a). As to the evidence of Defendant's drug conviction stemming from the drugs found during the search, the court concludes that the probative value of this evidence is not outweighed by the danger of unfair prejudice. If Defendant testifies, and because of that testimony is subject to impeachment based on this conviction, the court will issue a cautionary instruction. As to any other conviction that Defendant may have, the court will permit Defendant's counsel to raise his Rule 609(a) objection at the time of trial so that the court can weigh the probative value and potential prejudice of permitting impeachment on wholly unrelated prior convictions.

Accordingly, the court will deny Defendant's motion in limine to preclude evidence of Defendant's drug trafficking activities and prior drug trafficking conviction, (Doc. 37), and will grant the Government's motion in limine to introduce this evidence for the limited purpose of proving Defendant's motive to commit the crime charged, (Doc. 43). **IT IS SO ORDERED**.

s/Sylvia H. Rambo
United States District Judge

Dated: July 15, 2010.